PCM/11083

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DANIEL C. EIDSMOE; and <br> TRACEY HOWARD DEVOS, <br><br> Plaintiff, <br><br> v. <br><br> THE GRADY FIRM, P.C., and <br> JENNIFER A. GRADY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.   1:20-cv-07156 <br> ) <br> ) <br> ) JURY DEMANDED <br> ) <br> ) |

**COMPLAINT**

Daniel C. Eidsmoe and Tracey Howard DeVos, ("Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendants, THE GRADY FIRM, P.C., and JENNIFER A. GRADY, ("Defendants") state and allege as follows:

**INTRODUCTION**

1. This action seeks to recover for copyright infringement. Plaintiff, Daniel C. Eidsmoe, is a photographer and owns the rights to photographs including one entitled "One Proud American Immigrant", hereinafter "The Photograph" attached hereto as Exhibit "A".

2. Plaintiff, Daniel C. Eidsmoe is the owner of U.S. copyright registration number VA-2-212-030 for his photograph "One Proud American Immigrant". Registration attached hereto as Exhibit "B".

3. Plaintiff, Tracey Howard DeVos is the woman whose name and image appears in the photograph.

4. Defendants, The Grady Firm, P.C., is a California professional corporation law firm that owns and operates their website at www.gradyfirm.com. Attached hereto as Exhibit "C".

5. Defendant, Jennifer A. Grady is an officer and shareholder in The Grady Firm, P.C.

6. The Grady Firm's website, www.gradyfirm.com contained The Photograph of Tracey Howard DeVos owned by Daniel Eidsmoe Attached hereto as Exhibit "D".

7. The Plaintiff discovered the unauthorized use of The Photograph on or about 6-20-2020.

8. Defendants, actively copied, stored, modified, and/or displayed Plaintiff's photograph, One Proud American Immigrant", on the www.gradyfirm.com website without permission or authorization from Plaintiffs and engaged in this misconduct either knowingly, or should have known, and in violation of the United States copyright laws.

## PARTIES

9. Plaintiff, Daniel C. Eidsmoe, is a resident of the State of Illinois.

10. Plaintiff, Tracey Howard DeVos is a resident of the State of Illinois.

11. On information and belief, Defendant, The Grady Firm, P.C., is a California professional corporation with its principal place of business in Beverly Hills, California, and is responsible to Plaintiffs based on the facts herein alleged.

12. On information and belief, Defendant, Jennifer A. Grady is a resident of California, and is liable and responsible to Plaintiffs based upon the facts herein alleged.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this federal copyright infringement claim pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

14. This Court has pendant jurisdiction over the Illinois Right of Publicity Act 765 ILCS 1075 Claim.

15. This Court has personal jurisdiction over Defendants because Defendants direct substantial activities at the residents of Illinois by means of the Website described herein. Further, as

Defendants violated the rights of the Illinois resident plaintiffs and they sustained injury to their rights in Illinois, this Court also has personal jurisdiction over Defendants under the applicable long-arm jurisdictional statues of Illinois.

16. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District, or a substantial part of property that is the subject of this action is situated in this Judicial District, or there is no other district in which this action may be brought and any defendant is subject to the Court's personal jurisdiction in this Judicial District.

## FACTS

17. The Website is a popular and lucrative enterprise that purposefully displays Plaintiff's copyrighted Photograph.

18. Without permission or authorization from Plaintiffs, Defendants volitionally selected, copied, modified, stored and/or displayed Plaintiff's copyright protected Photograph on their Website.

19. The Photograph was copied, modified, stored and/or displayed without license or permission, thereby infringing on the Plaintiff's copyright (hereinafter collectively referred to as the "Infringement").

20. On information and belief, Defendants take an active and pervasive role in the content posted on their Website including, but not limited to copying, posting, selecting, and displaying Plaintiff's Photograph.

21. On information and belief, Defendants have received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Website has increased traffic and Defendants, in turn, realized an increase in their revenues.

22. As a result of Defendants' misconduct, Plaintiffs have been substantially harmed.

## FIRST COUNT
## NEGLIGENT DIRECT COPYRIGHT INFRINGMENT,
## 17 U.S.C. § 501, et seq.

23. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though fully set forth herein.

24. Without permission or authorization from Plaintiff and in violation of his rights under 17 U.S.C. § 106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed the work copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in his copyright.

25. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and Defendants have earned profits from their infringement and the Plaintiff is entitled to a judgment pursuant to 17 U.S.C. §504(b).

## SECOND COUNT
## WILLFUL DIRECT COPYRIGHT INFRINGMENT,
## 17 U.S.C. § 501, et seq.

26. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though fully set forth herein.

27. Without permission or authorization from Plaintiff and in willful violation of his rights under 17 U.S.C. § 106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed the work copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in his copyright.

28. Defendants' use of the Photograph on the Website constitutes willful copyright infringement.

29. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and Defendants have earned profits from their infringement and the Plaintiff is entitled to a judgment pursuant to 17 U.S.C. §504(b).

### THIRD COUNT
### VICARIOUS COPYRIGHT INFRINGEMENT

30. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though fully set forth herein.

31. At all times material hereto, Defendants had the legal right and practicable ability to supervise, control, limit, and stop the infringing conduct of its employees, agents and members, and yet, Defendants declined to exercise such right and ability in the instant case.

32. As a direct and proximate result of Defendants' failure to exercise their rights to stop or limit the infringing conduct, Defendants infringed upon Plaintiff's Photograph, which, in turn, generated profits for Defendants directly from the use of the Infringements.

33. Accordingly, Defendants are liable as vicarious infringers since they profited from the direct infringement while declining to exercise their rights to prevent the infringement.

34. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and Defendants have earned profits from their infringement and the Plaintiff is entitled to a judgment pursuant to 17 U.S.C. §504(b).

### FOURTH COUNT
### CONTRIBUTORY COPYRIGHT INFRINGEMENT

35. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though fully set forth herein.

36. The defendants knew or had reason to know of the infringement of Plaintiff's copyright and either materially contributed to such infringement or induced the same.

37. As a direct and proximate result of Defendants' misconduct, Plaintiff has been substantially harmed and Defendants have earned profits from their infringement and the Plaintiff is entitled to a judgment pursuant to 17 U.S.C. §504(b).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, Daniel Eidsmoe respectfully requests judgment as follows:

That the Court enter a judgment finding that Defendants have infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief that the Court determines is just and proper.

**FIFTH COUNT**
**ILLINOIS RIGHT OF PUBLICITY ACT 765 ILCS 1075**

38. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though fully set forth herein.

39. The Defendants used a photograph of Plaintiff, Tracey Howard DeVos's face while holding her Green Card which reveals her first and middle name in a website they own and operate or from which they receive a commercial benefit.

40. Tracey Howard DeVos did not give her consent, written or otherwise, for the use of her identity for the Defendants' commercial purposes.

41. The Illinois Right of Publicity Act, 765 ILCS 1075 et seq prohibits the use of a person's identity for commercial purposes without having obtained previous written consent from the person. 765 ILCS 1075/30.

42. The Illinois Right of Publicity Act provides that any person who violates the Act is liable for the greater of actual damages, profits derived from the unauthorized use, or both; or $1,000.

Punitive damages may be awarded against a person found to have willfully violated the Act. 765 ILCS 1075/40.

43. The Illinois Right of Publicity Act also provides for the award of attorney fees, costs and expenses. ILCS 1075/55.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Tracey Howard DeVos respectfully request judgment as follows:

That this Court enter a judgment finding that Defendants have violated her rights of publicity in violation of 765 ILCS 1075 et seq. and award damages and monetary relief as follows:

a. Actual damages, profits derived from the unauthorized use, or both, or $1,000 of statutory damages pursuant to 765 ILCS 1075/40 (a) and punitive damages. 765 ILCS 1075/40 (b)

b. Plaintiff's attorney's fees, costs and expenses pursuant to 1075/55.

c. Plaintiff's costs.

d. Such other relief that the Court determines is just and proper.

**Plaintiffs request a jury trial as to all claims of the complaint so triable**

Respectfully submitted,

BY: *s/ Peter C. Morse*
Attorney for Daniel C. Eidsmoe and Tracey Howard DeVos

**Morse Bolduc & Nardulli, LLC**
25 E. Washington Street, Suite 750
Chicago, Illinois 60602
312-251-5587 (direct)
312-376-3896 (fax)
pmorse@morseandbolduc.com